Daniel R. Watkins
Nevada State Bar No. 11881
DW@wl-llp.com
Joseph M. Ortuno
Nevada State Bar No. 11233
jortuno@wl-llp.com
WATKINS & LETOFSKY, LLP
8215 S. Eastern Ave., Suite 265
Las Vegas, NV 89123
Office: (702) 901-7553; Fax: (702) 974-1297
Attorneys for Plaintiff, Richard Gordon

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RICHARD GORDON,<br><br>PLAINTIFF;<br><br>vs.<br><br>K2 ENERGY SOLUTIONS, INC.; and DOES 1-50, inclusive;<br><br>DEFENDANTS. | Case No.: 2:20-cv-00555<br><br>**COMPLAINT FOR DAMAGES**<br><br>**(DEMAND FOR JURY TRIAL**) |

COMES NOW, Plaintiff, RICHARD GORDON, and files this civil action against Defendants, and each of them, for violations of the Family Medical Leave Act (29 U.S.C. §2601 *et seq*.); violations of the Age Discrimination in Employment Act (29 U.S.C. §§621-634); the Americans with Disabilities Act of 1990 (42 U.S.C. §§12112 *et seq*.); Nevada Revised Statutes §§ 613.330 *et seq*.; and related claims under Nevada law, seeking damages, and alleges as follows:

///
///
///
///
///
///
///
///

**JURISDICTION AND VENUE**

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343, and 42 U.S.C. §2000e-5(f)(3), which confer original jurisdiction on federal district courts in suits to address the deprivation of rights, privileges and immunities secured by the United States Constitution and federal law.

2. The jurisdiction of this Court is also invoked under 42 U.S.C. §§ 1981 and 1985(3), as amended by the Civil Rights Act of 1991, Pub. L. No. 102-166, and any related claims under Nevada law.

3. Supplemental Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1367 over the State law claims which are so related to the federal claims in this action that they form part of the same case or controversy under Article III of the United States Constitution.

4. PLAINTIFF has exhausted all of his administrative remedies.

5. All conditions precedent to jurisdiction under all applicable laws have occurred or been complied with:

   a. A complaint was lodged with the Nevada Equal Rights Commission within 300 days of the unlawful employment practices alleged herein;

   b. A Notice of Right to Sue in Federal Court was received from the Equal Employment Opportunity Commission ("EEOC"), dated January 24, 2020. (A true and correct copy of said letter is attached and incorporated herein as Exhibit 1.)

   c. PLAINTIFF initiated this action within 90 days of receipt of the EEOC's Notification of Right to Sue.

6. Venue is proper in the District of Nevada because the unlawful employment practices alleged herein were committed in whole or in part in the District of Nevada pursuant to 28 U.S.C. § 1391(b).

//
//
//
//

## PARTIES

### PLAINTIFF

7. Plaintiff, RICHARD GORDON (hereinafter "PLAINTIFF"), was a qualified/eligible "employee" of Defendant, K2 ENERGY SOLUTIONS, INC., within the meaning of the Family Medical Leave Act ("FMLA"), the Age Discrimination in Employment Act ("ADEA"), the Americans with Disabilities Act of 1990 ("ADA"), and related claims under Nevada law.

### DEFENDANTS

8. Defendant, K2 ENERGY SOLUTIONS, INC. (hereinafter "K2" or "DEFENDANT"), is a Nevada corporation registered to conduct business in Nevada. K2 employs 50 or more employees and is an "employer" within the meaning of the FMLA, ADEA, ADA, Nevada Revised Statutes §§ 608.011 and 613.310, and related claims under Nevada law. K2 has offices located at 3773 Howard Hughes Pkwy., Ste. 500S, Las Vegas, Nevada 89169.

9. The true names or capacities, whether individual, corporate, associate, or otherwise, of Defendants DOES 1 through 50, are unknown to Plaintiff at this time, who therefore sues said Defendants by such fictitious names. PLAINTIFF is informed and believes and thereon alleges that each of the fictitiously named Defendants is in some way responsible for, or participated in, or contributed to, the matters and things complained of herein, and is legally responsible in some manner. PLAINTIFF shall request leave of this court to amend this Complaint when the true names, capacities, participation and responsibilities have been ascertained.

### GENERAL FACTUAL ALLEGATIONS

10. PLAINTIFF is a 64-year-old male. PLAINTIFF is a former employee of K2. He was employed by K2 from 2010 through September 17, 2018. His last position with K2 was Staff Accountant. At the end of PLAINTIFF'S employment with K2, his pay was $55,000.00 per year. Plaintiff performed his work satisfactorily.

11. PLAINTIFF is disabled under the ADA in that he has diabetes. His disability is a physiological condition that substantially limits one or more major life activities. K2 had knowledge of PLAINTIFF's disability.

12.     PLAINTIFF applied for, was approved for, and went on FMLA leave from August 9, 2018 to September 16, 2018 for a surgical procedure to have a toe removed due to his diabetes.

13.     On or about September 17, 2018, upon his return from FMLA leave, PLAINTIFF was asked to meet with K2's CEO Sean Campbell to discuss PLAINTIFF's return to work.  During this meeting, Sean Campbell asked PLAINTIFF twice if he had plans to retire soon.  PLAINTIFF answered in the negative and told him he had no intention of retiring.  Sean Campbell attempted to persuade PLAINTIFF that it was time for him to retire.

14.     On or about September 19, 2018, Sean Campbell called PLAINTIFF and informed him he was terminated.

15.     The actions by DEFENDANTS are a substantial burden to PLAINTIFF'S rights causing actual injury to him, financial loss, and severe detriment to his professional career.

16.     PLAINTIFF was wrongfully subjected to discrimination based on his FMLA use, due to his status as disabled, and because of his age.

## COUNT I
## AGE DISCRIMINATION
**Age Discrimination in Employment Act – 29 U.S.C. §621** *et seq.*
**NRS 613.330** *et seq.*

17.     PLAINTIFF hereby incorporates paragraphs 1 through 16 of this Complaint as though fully set forth herein.

18.     At all times relevant hereto, PLAINTIFF was over the age of 40.

19.     PLAINTIFF was discharged by DEFENDANT because of his age.

20.     PLAINTIFF's age was the sole reason or a motivating factor for his discharge.

21.     As a proximate result of DEFENDANT's discriminatory actions, PLAINTIFF has suffered losses in compensation, earning capacity, humiliation, mental anguish, and emotional distress.  As a result of those actions and consequent harms, PLAINTIFF has suffered such damages in an amount to be proved at trial.

22.     DEFENDANT's unlawful actions were intentional, willful, malicious and/or done with reckless disregard for PLAINTIFF'S state and federally protected rights.

23.     PLAINTIFF requests relief as described in the Prayer for Relief below.

## COUNT II
## DISABILITY DISCRIMINATION
**Americans with Disabilities Act of 1990 – 42 U.S.C. §12101** *et seq.*
**NRS 613.330** *et seq***.**

24. PLAINTIFF hereby incorporates paragraphs 1 through 23 of this Complaint as though fully set forth herein.

25. PLAINTIFF has a "disability" as defined by the ADA and by Chapter 613 of the Nevada Revised Statutes. Plaintiff suffers from diabetes. Plaintiff's condition substantially limits one or more major life activities.

26. DEFENDANT is a qualified "employer" as defined by the ADA and employs fifteen (15) or more employees.

27. PLAINTIFF, with or without a reasonable accommodation, was able to perform the essential functions of his position as a Staff Accountant with DEFENDANT. PLAINTIFF had the requisite skill, experience, education and other job-related requirements to perform the functions of a Staff Accountant.

28. PLAINTIFF was discharged because of his disability. But for PLAINTIFF's disability, DEFENDANT would not have terminated him.

29. As a proximate result of DEFENDANT's discriminatory actions, PLAINTIFF has suffered losses in compensation, earning capacity, humiliation, mental anguish, and emotional distress. As a result of those actions and consequent harms, PLAINTIFF has suffered such damages in an amount to be proved at trial.

30. PLAINTIFF requests relief as described in the Prayer for Relief below.

## COUNT III
## FMLA RETALIATION
**Family Medical Leave Act (29 U.S.C. §2601** *et seq***.)**

31. PLAINTIFF hereby incorporates paragraphs 1 through 30 of this Complaint as though fully set forth herein.

32. DEFENDANT is a covered employer under the FMLA who is engaged in commerce or in an industry affecting commerce who employs 50 or more employees.

33. PLAINTIFF engaged in an activity protected under federal laws, to wit, PLAINTIFF requested FMLA leave from DEFENDANT to address his serious medical condition. DEFENDANT approved PLAINTIFF for leave between August 9, 2018 and September 16, 2018.

34. Under the FMLA, upon his return to work, PLAINTIFF was entitled to reinstatement to his former position or an equivalent, § 2614(a)(1), so long as the employee is able to perform the essential functions of that position. PLIAINTFF was able to perform the essential functions of a Staff Accountant upon his return from FMLA leave on or about September 17, 2018.

35. PLAINTIFF was terminated upon his return from FMLA leave on or about September 19, 2018. PLAINTIFF was terminated in retaliation for his lawful use of FMLA leave.

36. As a direct and proximate result of DEFENDANT's willful, knowing, and intentional violation of the FMLA, PLAINTIFF has suffered and will continue to suffer pain, humiliation and emotional distress.

37. PLAINTIFF has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. PLAINTIFF is thereby entitled to general and compensatory damages in amounts to be proven at trial.

38. DEFENDANT's unlawful actions were intentional, willful, malicious and/or done with reckless disregard for PLAINTIFF's federally protected rights.

39. PLAINTIFF requests relief as described in the Prayer for Relief below.

//
//
//
//
//
//
//
//
//
//

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF prays that this Court grant the following relief:

1. Grant Plaintiff the recovery of lost wages.
2. Grant general and special damages in amounts according to proof pursuant to U.S.C. §2617, 42 U.S.C. §1983, and other applicable statutes.
3. Punitive damages to deter and punish the defendants;
4. Reasonable attorneys' fees pursuant to 29 U.S.C. § 2617(a)(3), and other applicable statutes.
5. Grant costs of suit incurred herein; and,
6. Grant such other and further relief as the court deems just and proper.

Dated, this 19th day of March, 2020.         WATKINS & LETOFSKY, LLP

*/s/ Daniel R. Watkins*

By: _____
Daniel R. Watkins
Joseph M. Ortuno
Attorneys for Plaintiff, Richard Gordon

## REQUEST FOR JURY TRIAL

Pursuant to Federal Rules of Civil Procedure 38(b) and §102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a, PLAINTIFF demands a trial by jury in this action on all issues so triable.

Dated, this 19th day of March, 2020.         WATKINS & LETOFSKY, LLP

*/s/ Daniel R. Watkins*

By: _____
Daniel R. Watkins
Joseph M. Ortuno
Attorneys for Plaintiff, Richard Gordon

# **EXHIBIT 1**

Notice of Right to Sue

EEOC Form 161-B (11/16)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Richard Gordon ▇▇▇▇▇▇▇▇▇ | From: | Los Angeles District Office<br>255 E. Temple St. 4th Floor<br>Los Angeles, CA 90012 |
|---|---|---|---|

[ ]   On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 34B-2019-00677 | Karrie L. Maeda,<br>State & Local Coordinator | (213) 894-1100 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

- [X] More than 180 days have passed since the filing of this charge.
- [ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.
- [X] The EEOC is terminating its processing of this charge.
- [ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

- [X] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.
- [ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*[signature]*

Rosa M. Viramontes,
**District Director**

January 24, 2020
(Date Mailed)

Enclosures(s)

cc:   Michelle Lane
HR Consultant
SOLV HR C/O K2 ENERGY SOLUTIONS, INC.
7461 Eastgate Rd.
Henderson, NV 89011